DUCKER, JUDGE:
Claimants, Robert H. Ashcraft and Juanita M. Ashcraft, his wife, respectively, of Fairmont, West Virginia, allege that he suffered damages by reason of a defective county road known as Halleck Road off U. S. Route No. 119, in Monongalia County, on April 9, 1972, when the automobile he was driving struck a hole in the road, causing him to lose control of his car and causing the car to leave the road and strike a tree, resulting in bodily injuries to him and damages to his car. The claim of Juanita M. Ashcraft is for loss of consortium, companionship and society of her husband. A total claim, involving medical and hospital services, car, pain and suffering, loss of present and future earnings, and car damages, is alleged to be in a total sum of $75,000.00.
The respondent’s answer is to the effect that the claimant was guilty of contributory negligence which was the proximate cause of the accident, that the petition failed to state a cause of action, that respondent had no notice of the condition of the road as alleged by claimant, and that respondent is not an insurer of the highways.
The evidence is to the effect that claimant, Robert H. Ashcraft, on the morning of the day of the accident had gone to play golf at the Paradise Lake Golf Course off Route 119 from the Halleck Road to Morgantown, and had left the golf course to have breakfast at Corker’s Inn on Route 73 which intersects with Halleck Road. While on Halleck Road the truck, which claimant was driving alone, struck a hole which he said was six to eight inches deep and either three-fourths across the road or at least across the right hand lane. The *232 State Trooper who investigated the accident testified that the road had an approximately six foot berm, that there were no skid marks on the road but the vehicle had run down the berm for approximately 132 feet before leaving the road, that he did not observe any pot holes or large holes in the immediate area where the vehicle ran off the road although “down below there was a lot of holes in the road itself.” This evidence is contradicted by the testimony of other witnesses, and there seems to be no doubt that there were holes in the road which were the result of the previous winter weather and the usual deterioration therefrom. The testimony was also that the claimant was approaching a curve which was estimated to be about a forty-five degree turn just about the point where claimant’s car left the berm of the road, and the pictures offered as exhibits would seem to confirm the testimony of the Trooper. The evidence was also that the paved portion of the road was considerably broken for some 60 to 70 yards before reaching the curve where claimant struck the tree. It would seem also from the testimony of the Trooper that the roughness of the road before reaching the hole area would have forewarned claimant as to the conditions of the rest of the road. It is difficult to attribute the accident to the hole when the car traveled so far on the berm before leaving the berm and striking the tree.
All road accidents are regrettable and while we sympathize with any one injured because roads are not in perfect condition, we must abide by the decisions of the Supreme Court of Appeals that the State is not an insurer of its highways.
We are of the opinion that the claimant was negligent and that his negligence contributed to the accident, and, therefore, we deny the claim.
Claim disallowed.